UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEE WARD,<br><br>  Petitioner,<br><br>  v.<br><br>J. PRICE, Warden,<br><br>  Respondent. | No.  2: 14-cv-0559 AC P<br><br><br><br><br>ORDER &<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner pled guilty to second degree murder in 1991 and is serving a sentence of twenty-years-to-life.  Petitioner challenges the February 21, 2013 three-year parole denial by the California Board of Parole Hearings (BPH) on the ground that he should be deemed suitable for parole because he poses no danger to public safety.  See Petition.

In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or the governor.  See Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011).  The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions.  Because habeas relief is not available for errors of state law, and because the Due

Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. Id. at 861-62.

The Ninth Circuit has acknowledged that after Swarthout, substantive challenges to parole decisions are not cognizable in habeas. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). "Due process is satisfied as long as the state provides an inmate seeking parole with 'an opportunity to be heard and ... a statement of the reasons why parole was denied.'" Id. (quoting Swarthout, 131 S. Ct. at 862)). Petitioner makes no claim that either of these requirements were not met. Under Swarthout, this court simply may not consider petitioner's claim that the BPH decision violated due process.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court make a random District Judge assignment to this case.

IT IS RECOMMENDED that this petition be dismissed.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 11, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE